**In re Anonymous No. 9 D.B. 76**

Disciplinary Board Docket no. 9 D.B. 76.

ANDERSON, *Board Member,* May 20, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its find-

ings and recommendations to your honorable court with respect to the above proceeding.

## I. HISTORY OF PROCEEDINGS

Respondent, [ ], was indicted in the United States District Court for the [ ] District of Pennsylvania on September 16, 1975, on four counts of alleging a failure to file income tax returns for the years 1969 through 1972 inclusive. Respondent appeared before the Honorable [A], District Judge, on January 15, 1976, and entered a plea of guilty to the third count of the indictment. On March 9, 1976, respondent was sentenced to pay a fine of $7,500 and placed on probation for a period of five years. The matter was then referred to the Disciplinary Board for formal proceedings by way of an order signed by Chief Justice Benjamin R. Jones of the Supreme Court of Pennsylvania on March 31, 1976. A petition for discipline was filed and a hearing was held on June 29, 1976, before hearing committee [ ], consisting of [ ], Esq., Chairman, [ ], Esquire, and [ ], Esquire. The hearing committee filed its report on January 3, 1977, reporting that respondent had violated Disciplinary Rules D.R. 1-102(A)(5), "conduct that is prejudicial to the administration of justice," and D.R. 1-102(A)(6), "conduct that adversely reflects on his fitness to practice law." The committee recommended that the discipline to be imposed be public censure. Neither respondent nor disciplinary counsel filed exceptions to the hearing committee's report.

## II. DISCUSSION

Respondent entered a plea of guilty to one count of willful and knowing failure to file an income tax return for the year 1971. At that time, three other

counts covering the period 1969, 1970 and 1972, respectively, of the same offense were dismissed. He was placed on five years' probation and ordered to pay a fine of $7,500, with a sentence of imprisonment for one year being suspended. When these alleged infractions occurred, respondent was an attorney practicing in the City of [ ] with the firm of [ ]. He was engaged in the general practice of law with emphasis on trial work and handled no tax matters. He had been elected in 1969 to the City Council of that city and began to serve a full term of four years in 1970. He was also solicitor to the prothonotary of [ ] County from 1965 to 1969. Prior to and during this period of time, he served on various community organizations and was very active in the life of the City of [ ].

During the infraction period, respondent had taxes withheld from his positions as City Councilman and solicitor to the prothonotary. Normally respondent filed a joint income tax return with his wife, but during this period the income of his wife was reported and taxes were withheld and paid over by her employer to the Internal Revenue Service. The persons with whom respondent was in partnership, [ ], also filed a partnership return showing the gross and net income of the partnership.

Although respondent was credited with certain prepayments for the period of 1969 through 1972, he still did not file the proper accounts with the Internal Revenue Service. He never declared what his actual income had been, nor what moneys were owed to the government. As it turned out, the difference between the prepayment credit and corrected taxes due totalled $6,225.40. Respondent presented no valid excuse, except extenuating cir-

cumstances, for not filing the returns as set forth in the indictment. He explained that there was no intent to falsify any income tax return, and that all of the income he had derived during this period of time had been reported to the Internal Revenue Service through either his employers, the County of [ ] and the City of [ ], or his law partnership [ ]. Respondent also cooperated fully in any investigation that was done by the Internal Revenue Service.

The character of respondent was quite extensively attested to by the numerous worthwhile activities that he had been engaged in and by the number of respected citizens of [ ] who gave testimony of his good character. Conversely, the office of disciplinary counsel entered in the record three informal admonitions which had been delivered to respondent on January 14, 1975 and November 17, 1975, for the neglect of legal matters.

The hearing committee, in a very lucid and well researched report, has followed the precedents laid down by the Supreme Court of Pennsylvania in cases of this type. The court, in the cases of Office of Disciplinary Counsel v. Anonymous, no. 70, Disciplinary Board Docket (no. 3 D.B. 74); In The Matter of Anonymous ([ ] County), no. 87, Disciplinary Board Docket no. 1 (no. 10 D.B. 75); In The Matter of Anonymous ([ ] County), no. 86, Disciplinary Board Docket no. 1 (no. 9 D.B. 75), has placed the appropriate discipline for willful failure to file federal income tax returns at public censure. The hearing committee came to its recommendation with great difficulty. Their disagreement with the Supreme Court discipline was predicated on their heartfelt feelings that in cases of this nature public censure was not sufficient discipline, and the discipline administered by courts in other jurisdic-

tions. They felt that where the sentence for conviction of the alleged crime could be one year or more, something more appropriate than public censure should be applied. The discipline encouraged by this committee was a suspension of at least three months to one year.

The Disciplinary Board feels that no concrete minimum discipline should be applicable in cases of this nature. Each of these cases should be taken on an ad hoc basis and any resulting discipline should be developed from the factual situation of each particular case. We must take into consideration the reasons given by a respondent and the facts surrounding any infraction of the federal income tax laws. In the instant case, respondent has pleaded time pressures created by his service as a [ ] City Councilman, and also certain financial reversals. We must reflect on this individual's dedicated service to the City of [ ] and its citizens. We must also be aware of the technical aspects of each case. In the instant case, respondent never attempted to conceal the amounts of money that he had earned during the years 1969 to 1972. The hearing committee itself states "willful failure to file federal income tax returns deserves more serious discipline than public censure in most cases." (page 14, report of the hearing committee.) This is the very reason the Disciplinary Board, with some contrary opinion, is not willing to endorse any hard and fast rule towards the imposition of discipline in these cases. To adopt such a rule would not allow for leeway in those cases which do not merit suspension. When the discipline should exceed public censure, the Disciplinary Board with its power of review, should in fact recommend such discipline. Although more severe discipline is used in other

jurisdictions, it is no reason for this Disciplinary Board nor the Supreme Court to deviate from the course that it has embarked upon. The fact that harsher discipline has been imposed elsewhere should serve rather as a reference point for use by the Disciplinary Board in cases which merit such action and not as a general disposition.

## III. RECOMMENDATION

The board recommends that respondent [ ], be subjected to public censure by the Supreme Court of Pennsylvania.

## ORDER

EAGEN, *C.J.* — And now, June 9, 1977, it appearing that on March 9, 1976, respondent was convicted by the United States District Court for the [ ] District of Pennsylvania, upon a plea of guilty of the offense of failure to file income tax returns in violation of Internal Revenue Code of August 16, 1954, 68 A. Stat. 851, as amended, 26 U.S.C.A. §7203; and

In accordance with Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement, this matter was referred to the Disciplinary Board on March 31, 1976, for the institution of a formal proceeding before a hearing committee to determine the extent of the final discipline to be imposed; it is

Ordered, that the report and recommendations of the Disciplinary Board dated May 20, 1977, recommending that respondent be subjected to public censure by the Supreme Court of Pennsylvania, is accepted, and public censure will be imposed on said respondent, as provided in Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement,

394

at the session of this court commencing September 26, 1977, at Pittsburgh.

Mr. Justice Roberts and Mr. Justice Packel dissent and would impose some period of suspension.